# Exhibit A

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Rachel Jeffers**

IN THE ~~SUPERIOR~~/STATE COURT OF _Clayton_ _____ **COUNTY**

**STATE OF GEORGIA**

_Jeannette Adams_

**CIVIL ACTION NUMBER** _2020CV02308_

**PLAINTIFF**

Vs.

_Family Dollar Stores of Georgia, Inc._

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

_Evan R. Mermelstein_
_Law offices of Evan R Mermelstein, LLC_
_5665 Atlanta Highway, Suite 103-302_
_Alpharetta, GA 30004_

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _10/27/2020_ _____, _____.

Clerk of ~~Superior~~ Court/State Court

By:_____
Rachel Jeffers
Deputy Clerk

SC-1 Rev. 85

Copy from re:SearchGA

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Rachel Jeffers**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JEANNETTE ADAMS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | |
| vs. | § | FILE NO.: 2020CV02308 |
| | § | |
| FAMILY DOLLAR STORES OF GEORGIA, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

**COMES NOW**, JEANNETTE ADAMS, Plaintiff in the above-referenced matter, and files her Complaint for Personal Injuries and Damages against Defendant as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff JEANNETTE ADAMS (hereinafter "Ms. Adams") is over the age of majority and is a resident citizen of the State of Georgia. Ms. Adams voluntarily avails herself of the jurisdiction of this honorable Court.

2.

Defendant FAMILY DOLLAR STORES OF GEORGIA, INC. (hereinafter "Defendant" or "Family Dollar") is a domestic Corporation registered to do business in the state of Georgia, engaged in the business of owning and operating retail stores. Defendant transacts business in Forest Park, Clayton County, and can be served through its registered agent for service, Prentice-Hall Corp System, Inc., 100 Peachtree Street, Atlanta, Futon County, Georgia  30303.  Upon service on Defendant, Defendant will be subject to the jurisdiction of and venue in this Court.

{Firm/9009/00109/00025949.DOC.1}

Copy from re:SearchGA

3.

Pursuant to O.C.G.A. § 14-2-510(b)(4), because the event causing Ms. Adams's injury occurred at Defendant's retail store located in Clayton County, Georgia, jurisdiction and venue are proper as to this Defendant in this Honorable Court.

## **FACTUAL BACKGROUND**

4.

Ms. Adams repeats, realleges, and reavers each and every allegation contained in paragraphs one (1) through three (3) by reference as if fully and completely set forth herein verbatim.

5.

Defendant has a location and transacts business at the Family Dollar store located at 798 Morrow Road, Forest Park, Georgia 30297.

6.

On or about February 5, 2019, Ms. Adams was shopping at Defendant's place of business, the Family Dollar store located at 798 Morrow Road, Forest Park, Georgia  30297.

7.

As Ms. Adams was shopping, suddenly and unexpectedly, she slipped and fell on hair that was present on the floor in an aisle of the Family Dollar store.

8.

Ms. Adams 's fall was the direct result of the hair that was present on the floor in an aisle of the Family Dollar store, and this foreign substance  constituted a dangerous condition,

- 2 -

Copy from re:SearchGA

therefore making Defendant's premises unreasonably unsafe.

9.

Defendant was negligent for failing to keep and maintain their premises in a safe condition.

10.

As a direct and proximate result of Defendant's negligence, Ms. Adams suffered personal injuries that required medical attention.

11.

Defendant had actual and/or constructive knowledge of the dangerous condition on the premises, which was superior to the knowledge Ms. Adams had of said condition.

12.

Defendant failed to adequately warn Ms. Adams of the dangerous condition on its property.

13.

At all times relative to this incident, Ms. Adams was exercising due care for her own safety.

## CLAIMS AGAINST DEFENDANT

14.

Ms. Adams repeats, realleges, and reavers each and every allegation contained in paragraphs one (1) through thirteen (13) by reference as if fully and completely set forth herein

{Firm/9009/00109/00025949.DOC.1}

Copy from re:SearchGA

verbatim.

15.

Defendant was negligent for failing to keep its premises safe in violation of O.C.G.A. § 51-3-1, by among other things, maintaining the premises in an unsafe manner and failing to remove dangers and objects on its premises.

16.

Defendant was negligent for failing to adequately warn of the dangerous condition on its premises in violation of O.C.G.A. §51-3-1.

17.

Defendant's negligence was the proximate cause of Ms. Adams' injuries.

18.

As a direct and proximate result of Defendant's negligence, Ms. Adams sustained severe injuries that required extensive medical treatment.

19.

As a direct and proximate result of Defendant's negligence, Ms. Adams endured physical, mental, and emotional pain and suffering due to the injuries she sustained in the fall.

20.

As a direct and proximate result of Defendant's negligence, Ms. Adams has, to date, incurred special damages in the form of medical expenses totaling approximately $9,395.52 due to the injuries she sustained in the slip and fall incident.

- 4 -

{Firm/9009/00109/00025949.DOC.1}

Copy from re:SearchGA

21.

Ms. Adams is entitled to recover from Defendant as special damages compensation for her medical expenses and lost wages to the extent permitted by law and in an amount to be proven at trial.

22.

Ms. Adams is entitled to recover for past, present, and future pain and suffering, both physical and mental. Plaintiff also seeks general damages due to Defendant's negligence.

23.

Defendant's actions in this matter constitute bad faith, stubborn litigiousness, or unreasonable and unnecessary delay so as to entitle Ms. Adams to reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A.§ 13-6-11.

24.

Defendant's actions, inactions, and conduct in this matter, including, but not limited to, having notice that its habitual practice of leaving slippery substances on the floor and failing to keep and maintain their premises in a safe condition created a particular condition, which it knew to be hazardous to invitees and which it knew had actually injured invitees in the past, show, by clear and convincing evidence, willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences and support an award of punitive damages under O.C.G.A. § 51-12-5.1(b).

WHEREFORE, Ms. Adams prays for the following relief:

(a)     that summons issue and Defendant be served as required by law;

{Firm/9009/00109/00025949.DOC.1}

Copy from re:SearchGA

(b)      that Ms. Adams receive a trial by jury;

(c)      that Ms. Adams recover an amount sufficient to compensate her for special damages for her medical expenses and lost wages in an amount to be proven at trial and to the extent permitted by law;

(d)      that Ms. Adams recover general damages for her past, present and future pain and suffering in an amount to be determined by a fair and impartial jury;

(e)      that Ms. Adams have and recover expenses of this litigation, including reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A.§ 13-6-11;

(f)      that Ms. Adams have and recover punitive damages in an amount to be proven at trial pursuant to O.C.G.A. § 51-12-5.1(b);

(g)      that all costs of this proceeding be assessed against Defendant; and

(g)      that Ms. Adams receive such further relief as this Court deems just and proper.

This 27th day of October, 2020.

**LAW OFFICES OF EVAN R. MERMELSTEIN, LLC**

*s/ Evan R. Mermelstein*

_____

**EVAN R. MERMELSTEIN**
Georgia Bar No. 502567
Attorney for Plaintiff

5665 Atlanta Highway, Suite 103-302
Alpharetta, Georgia  30004
(678) 697-9578
evan@mermelsteinlaw.com

**[Signatures continued on following page]**

{Firm/9009/00109/00025949.DOC.1}

Copy from re:SearchGA

**JOEL M. BASKIN, P.C.**

*s/ Joel M. Baskin*
_____

**JOEL M. BASKIN** *(by Evan R. Mermelstein with express permission)*
Georgia Bar No. 041055
Attorney for Plaintiff

2791 Main Street
East Point, GA 30344
Email: jbaskin@joelbaskin.com
Phone: (404) 765-0031
Fax: (404) 765-0519

- 7 -

{Firm/9009/00109/00025949.DOC.1}

Copy from re:SearchGA

## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*
**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Rachel Jeffers

☐ Superior or ☒ State Court of _Clayton_ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___10/27/2020___ <br> **MM-DD-YYYY** | Case Number ___2020CV02308___ |

**Plaintiff(s)**

Adams, Jeannette

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Family Dollar Stores of Georgia, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Evan R Mermelstein_   **State Bar Number** _502567_   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA



**JWG / ALL**
**Transmittal Number: 22343862**
**Date Processed: 11/24/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Cynthia Bertucci<br>Dollar Tree, Inc.<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | Heather Hunter<br>JJ Jacobson-Allen |

| | |
|---|---|
| **Entity:** | Family Dollar Stores of Georgia, LLC<br>Entity ID Number  3697582 |
| **Entity Served:** | Family Dollar Stores of Georgia, Inc. |
| **Title of Action:** | Jeannette Adams vs. Family Dollar Stores of Georgia, Inc. |
| **Matter Name/ID:** | Jeannette Adams vs. Family Dollar Stores of Georgia, Inc. (10686769) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Clayton County State Court, GA |
| **Case/Reference No:** | 2020CV02308 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 11/24/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Evan R. Mermelstein<br>678-697-9578 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Rachel Jeffers

IN THE ~~SUPERIOR~~/STATE COURT OF *Clayton* _____ COUNTY

## STATE OF GEORGIA

*Jeannette Adams* _____

CIVIL ACTION NUMBER 2020CV02308

_____

_____

**PLAINTIFF**

Vs.

*Family Dollar Stores of Georgia, Inc.*

_____

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

*Evan R Mermelstein*
*Law offices of Evan R Mermelstein, LLC*
*5665 Atlanta Highway, Suite 103-302*
*Alpharetta, GA 30004*

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___ 10/27/2020 ___, _____.

Clerk of ~~Superior~~ Court/State Court

By: Rachel Jeffers _____

Deputy Clerk

SC-1 Rev. 85

e-Filed 10/27/2020 2:31 pm

### General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of _Clayton_ County

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Rachel Jeffers

| For Clerk Use Only | |
|---|---|
| Date Filed _10/27/2020_ MM-DD-YYYY | Case Number _2020CV02308_ |

**Plaintiff(s)**

_Adams    Jeannette_
Last     First     Middle I.     Suffix     Prefix

Last     First     Middle I.     Suffix     Prefix

Last     First     Middle I.     Suffix     Prefix

Last     First     Middle I.     Suffix     Prefix

**Defendant(s)**

_Family Dollar Stores of Georgia, Inc._
Last     First     Middle I.     Suffix     Prefix

Last     First     Middle I.     Suffix     Prefix

Last     First     Middle I.     Suffix     Prefix

Last     First     Middle I.     Suffix     Prefix

**Plaintiff's Attorney** _Evan R. Mermelstein_     **State Bar Number** _502567_     **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
~~Rachel Jeffers~~

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

JEANNETTE ADAMS,                    §
                                    §
     Plaintiff,                     §        CIVIL ACTION
                                    §
vs.                                 §        FILE NO.:2020CV02308
                                    §
FAMILY DOLLAR STORES OF GEORGIA,    §
INC.,                               §
                                    §
     Defendant.                     §

### COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

**COMES NOW**, JEANNETTE ADAMS, Plaintiff in the above-referenced matter, and files her Complaint for Personal Injuries and Damages against Defendant as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff JEANNETTE ADAMS (hereinafter "Ms. Adams") is over the age of majority and is a resident citizen of the State of Georgia. Ms. Adams voluntarily avails herself of the jurisdiction of this honorable Court.

2.

Defendant FAMILY DOLLAR STORES OF GEORGIA, INC. (hereinafter "Defendant" or "Family Dollar") is a domestic Corporation registered to do business in the state of Georgia, engaged in the business of owning and operating retail stores. Defendant transacts business in Forest Park, Clayton County, and can be served through its registered agent for service, Prentice-Hall Corp System, Inc., 100 Peachtree Street, Atlanta, Futon County, Georgia  30303.  Upon service on Defendant, Defendant will be subject to the jurisdiction of and venue in this Court.

{Finn/9009/00109/00025949.DOC.1}

3.

Pursuant to O.C.G.A. § 14-2-510(b)(4), because the event causing Ms. Adams's injury occurred at Defendant's retail store located in Clayton County, Georgia, jurisdiction and venue are proper as to this Defendant in this Honorable Court.

**FACTUAL BACKGROUND**

4.

Ms. Adams repeats, realleges, and reavers each and every allegation contained in paragraphs one (1) through three (3) by reference as if fully and completely set forth herein verbatim.

5.

Defendant has a location and transacts business at the Family Dollar store located at 798 Morrow Road, Forest Park, Georgia 30297.

6.

On or about February 5, 2019, Ms. Adams was shopping at Defendant's place of business, the Family Dollar store located at 798 Morrow Road, Forest Park, Georgia 30297.

7.

As Ms. Adams was shopping, suddenly and unexpectedly, she slipped and fell on hair that was present on the floor in an aisle of the Family Dollar store.

8.

Ms. Adams 's fall was the direct result of the hair that was present on the floor in an aisle of the Family Dollar store, and this foreign substance  constituted a dangerous condition,

- 2 -

therefore making Defendant's premises unreasonably unsafe.

9.

Defendant was negligent for failing to keep and maintain their premises in a safe condition.

10.

As a direct and proximate result of Defendant's negligence, Ms. Adams suffered personal injuries that required medical attention.

11.

Defendant had actual and/or constructive knowledge of the dangerous condition on the premises, which was superior to the knowledge Ms. Adams had of said condition.

12.

Defendant failed to adequately warn Ms. Adams of the dangerous condition on its property.

13.

At all times relative to this incident, Ms. Adams was exercising due care for her own safety.

## CLAIMS AGAINST DEFENDANT

14.

Ms. Adams repeats, realleges, and reavers each and every allegation contained in paragraphs one (1) through thirteen (13) by reference as if fully and completely set forth herein

- 3 -

{Firm/9009/00109/00025949.DOC.1}

verbatim.

15.

Defendant was negligent for failing to keep its premises safe in violation of O.C.G.A. §

51-3-1, by among other things, maintaining the premises in an unsafe manner and failing to

remove dangers and objects on its premises.

16.

Defendant was negligent for failing to adequately warn of the dangerous condition on its

premises in violation of O.C.G.A. §51-3-1.

17.

Defendant's negligence was the proximate cause of Ms. Adams' injuries.

18.

As a direct and proximate result of Defendant's negligence, Ms. Adams sustained severe

injuries that required extensive medical treatment.

19.

As a direct and proximate result of Defendant's negligence, Ms. Adams endured physical,

mental, and emotional pain and suffering due to the injuries she sustained in the fall.

20.

As a direct and proximate result of Defendant's negligence, Ms. Adams has, to date,

incurred special damages in the form of medical expenses totaling approximately $9,395.52 due

to the injuries she sustained in the slip and fall incident.

- 4 -

21.

Ms. Adams is entitled to recover from Defendant as special damages compensation for her medical expenses and lost wages to the extent permitted by law and in an amount to be proven at trial.

22.

Ms. Adams is entitled to recover for past, present, and future pain and suffering, both physical and mental. Plaintiff also seeks general damages due to Defendant's negligence.

23.

Defendant's actions in this matter constitute bad faith, stubborn litigiousness, or unreasonable and unnecessary delay so as to entitle Ms. Adams to reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A.§ 13-6-11.

24.

Defendant's actions, inactions, and conduct in this matter, including, but not limited to, having notice that its habitual practice of leaving slippery substances on the floor and failing to keep and maintain their premises in a safe condition created a particular condition, which it knew to be hazardous to invitees and which it knew had actually injured invitees in the past, show, by clear and convincing evidence, willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences and support an award of punitive damages under O.C.G.A. § 51-12-5.1(b).

WHEREFORE, Ms. Adams prays for the following relief:

(a)     that summons issue and Defendant be served as required by law;

(b)      that Ms. Adams receive a trial by jury;

(c)      that Ms. Adams recover an amount sufficient to compensate her for special damages for her medical expenses and lost wages in an amount to be proven at trial and to the extent permitted by law;

(d)      that Ms. Adams recover general damages for her past, present and future pain and suffering in an amount to be determined by a fair and impartial jury;

(e)      that Ms. Adams have and recover expenses of this litigation, including reasonable and necessary attorney fees in an amount to be proven at trial pursuant to O.C.G.A. § 13-6-11;

(f)      that Ms. Adams have and recover punitive damages in an amount to be proven at trial pursuant to O.C.G.A. § 51-12-5.1(b);

(g)      that all costs of this proceeding be assessed against Defendant; and

(g)      that Ms. Adams receive such further relief as this Court deems just and proper.

This 27th day of October, 2020.

**LAW OFFICES OF EVAN R. MERMELSTEIN, LLC**

*s/ Evan R. Mermelstein*

_____
**EVAN R. MERMELSTEIN**
Georgia Bar No. 502567
Attorney for Plaintiff

5665 Atlanta Highway, Suite 103-302
Alpharetta, Georgia  30004
(678) 697-9578
evan@mermelsteinlaw.com

**[Signatures continued on following page]**

- 6 -

2020CV02308

JOEL M. BASKIN, P.C.

*s/ Joel M. Baskin*

_____
**JOEL M. BASKIN** *(by Evan R. Mermelstein with*
*express permission)*
Georgia Bar No. 041055
Attorney for Plaintiff

2791 Main Street
East Point, GA 30344
Email: jbaskin@joelbaskin.com
Phone: (404) 765-0031
Fax: (404) 765-0519

- 7 -

e-Filed 10/27/2020 2:31 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Rachel Jeffers

### IN THE STATE COURT OF CLAYTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| JEANNETTE ADAMS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | |
| vs. | § | FILE NO.: 2020CV02308 |
| | § | |
| FAMILY DOLLAR STORES OF GEORGIA, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO FAMILY DOLLAR STORES OF GEORGIA, INC.

Plaintiff, JEANNETTE ADAMS (hereinafter "Ms. Adams"), pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits to Defendant FAMILY DOLLAR STORES OF GEORGIA, INC. (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following Requests for Admissions, First Continuing Interrogatories and Request for Production of Documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named

Ms. Palmer within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at **Law Offices of Evan R. Mermelstein, LLC, 5665 Atlanta Highway, Suite 103-302, Alpharetta, GA 30004**, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

As used herein, the term "you"~ or "yours"~ refers to you, your agents, representatives, employees and attorneys and any predecessor or successor corporations.

As used herein, the term "documents" means and includes all writings of any kind, including both the originals of such writings and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, but not limited to, correspondence, memoranda, notes, diaries, notebooks, ledgers, letters, telegrams, minutes, contracts, offers, reports, studies, surveys, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, records of any sort of conversations, telephone calls, meetings or other communications, bulletins, computer printouts, teletypes, telecopies, invoices, worksheets, graphic or aural records for representations of any kind (including, but not limited

to, photographs, negatives, undeveloped exposes of photographic film, charts, grafts, microfiche, microfilm, videotape, recordings, and motion pictures) and electronic or mechanical records or representations of any kind (including, but not limited to, tapes, cassettes, disks, and records).

As used herein, the term "identify" means:

(a) When used with respect to a natural person, to state that person's full name, business and residential addresses and telephone numbers, employer, and **job** title or profession;

(b) When used with respect to a corporation, government agency, or their business or governmental entity, to state the full name and address of said entity:

(c) When used with respect to a document, to describe briefly the nature of said document and to state the date it was prepared, the identity of the person who prepared it, the identity of the sender and recipient (if applicable) and the identity of the person or persons who now have possession, custody, or control of said document; and

(d) When used with respect to a communication to state the date of such communication, the manmer in which it was accomplished (i.e., whether written or oral, and if oral, whether face-to-face or by telephone), to identify all persons who were parties to such communication or present when it occurred, to state the substance of such communication and to identify all documents which evidence the substance of such communication.

## PLAINTIFF'S FIRST INTERROGATORIES

### INTERROGATORY NO. 1

Please identify all witnesses known to Defendant who saw or claim they saw, all or any part of the occurrence complained of in this action.

## INTERROGATORY NO. 2

Please identify all witnesses known to Defendant who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

## INTERROGATORY NO. 3

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying the same with sufficient particularity to satisfy a Request for Production of Documents.

## INTERROGATORY NO. 4

Identify any photographs, diagrams, video or other pictorial representations concerning the events and happenings alleged in Plaintiffs Complaint.

## INTERROGATORY NO. 5

Identify each person (whether your employee or not), who, **by** virtue of his experience, education or training, is an expert or is believed **by** you to be qualified as an expert, and/or who has been retained **by** you or on your behalf to make an investigation or study of the incident under investigation.

## INTERROGATORY NO. 6

With particularity sufficient to satisfy O.C.G.A. §9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

## INTERROGATORY NO. 7

With particularity sufficient to satisfy O.C.G.A. §9-1 1-26(b)(2), please identify any policy or policies of liability insurance which would or might enure to the benefit of Plaintiff

here **by** providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to Plaintiff **by** reason of the incident described in the Complaint.

### INTERROGATORY NO. 8

Please identify' **by** author, date and specific act(s), event(s), condition(s), opinion(s) and/or diagnoses contained within any statement(s), memorandum(s), report(s), record(s), and/or data compilation(s) that you intend to use at trial under O.C.G.A. 24-8-803(6) and/or O.C.G.A. 24-9-902(11). NOTE: General reference to enclosed statement, memorandum, report, record, or data compilation will not be considered an adequate response hereunder.

### INTERROGATORY NO. 9

To your information, knowledge or belief, has there been any surveillance or taking of photographs of any party? **If** so, identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such surveillance, and identify every record, tape, film or other recording with sufficient particularity to satisfy a Request for Production of Documents.

### INTERROGATORY NO. 10

**If** you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action.

### INTERROGATORY NO. 11

Identify any person employed **by** Defendant who:

(a) Was working at the Defendant's location as identified in the Complaint where Plaintiff fell on the date of Plaintiff s fall;

(b) Worked at the above referenced location any time after Plaintiff s fall, through six (6) months after the date of Plaintiff s fall.

### INTERROGATORY NO. 12

Identify all persons who are/were responsible for inspecting, cleaning or in any way monitoring the floors of the subject location during the time period twelve (12) months prior to Plaintiffs fall through the date of these interrogatories. For each person identified give their full name, address, telephone number and respective hiring and termination dates.

### INTERROGATORY NO. 13

Identify any and all persons known to Defendant who slipped and fell in Defendant's referenced store for the two-year period preceding Plaintiffs fall and the two-year period following Plaintiff s fall. For each incident identified please state the following:

(a) The exact location in the store where the individual fell;

(b) The cause which said individual alleges was responsible for the fall;

(c) The name, address, home telephone numbers, present place of employment, work telephone numbers, job titles, or capacities and present whereabouts of any and all persons having knowledge regarding said fall. Include specifically any legal representative of any person allegedly to have fallen as described above.

### INTERROGATORY NO. 14

Please state whether there existed, prior to the incident, which is the subject of Plaintiff's Complaint, any procedure or program for the regular inspection of the subject premises, which such procedure or program was designed to identify and/or discover potential hazards to the users thereof. If so:

(a) Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

**(b)** State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c) State whether the procedure or program had been carried out prior to the date of the subject incident; and

**(d)** Identify all documents relating to each such procedure or program and their findings.

## INTERROGATORY NO. 15

Identify every document, report or memoranda including, specifically any "incident or accident report" relating to the subject store or of the subject incident or any of the injuries allegedly arising therefrom made to or reported to any entity including any insurance company or any public official or agency.

## INTERROGATORY NO. 16

Identify each person, corporation, firm, association or other entity (including insurance adjusters) that has conducted an investigation to determine any of the facts pertaining to any of the issues in this case; describe the nature of each such investigation; and state which of such investigators, if any, are in your regular employ.

## INTERROGATORY NO. 17

Do you contend that the injuries complained of in this case were caused **by** the negligence of any party other than yourself or your agents and servants? **If** your answer is yes, please identify:

(a) The party whom you contend was guilty of such negligence;

**(b)** Every act of ordinary negligence which you claim was committed **by** such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(c) Every act of gross negligence which you claim was committed **by** such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

**(d)** Every act of slight negligence which you claim was committed **by** such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(e) Every act of negligence per se which you claim was committed **by** such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case (include in your answer a citation to the statute, ordinance, rule or regulation which you contend established the controlling standard of conduct);

(f) Each and every fact and reason upon which you base your contentions concerning acts of negligence committed **by** such party; and

**(g)** Each and every person who has knowledge or information concerning each such fact.

### INTERROGATORY NO. 18

Please state, with respect to the premises where Plaintiff was injured, the following:

(a) Whether any additions or changes in design or dimension were made to the store from the date of the original construction thereof to the date of these interrogatories, and if so, the dates and nature of any such changes;

**(b)** The identity of the person or entity who made any subsequent changes; and

(c) The identity of the person or entity who designed any subsequent changes.

## INTERROGATORY NO. 19

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises, which could cause or contribute to the occurrence alleged in Plaintiffs Complaint. If so:

(a) State the date you acquired such knowledge and/or information;

**(b)** State what knowledge and/or information you had;

(c) Identify the person or persons who made such knowledge and/or information known to you;

**(d)** State whether any remedial and/or corrective action was taken based upon such knowledge;

(e) Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

**(f)** Identify any documents relating to such condition and/or corrective action.

## INTERROGATORY NO. 20

Please identify any inherent aspect of the subject premises or the business conducted thereon which you believe posed a risk of physical injury to persons upon the premises. As to each such fact or circumstance identified:

(a) State when you were apprised of such inherent risk of danger; and

**(b)** Identify all documents relating to such fact or circumstance.

## INTERROGATORY NO. 21

Identify each and every document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which

may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

### INTERROGATORY NO. 22

Identify every person who supplied you with information, of whatever nature or description, used **by** you in answering these interrogatories.

### INTERROGATORY NO. 23

Please state whether, in compiling your answers to these interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

### INTERROGATORY NO. 24

Please identify your ownership interest, management interest, leasehold interest, or any other interest you have in the premises that is the subject of this action.

### INTERROGATORY NO. 25

Please set forth with specificity the factual and legal basis for each defense raised in your answer.

### INTERROGATORY NO. 26

Identify any records, memoranda or other documents, including, but not limited to, sweep logs", "maintenance logs", or any document containing information as to whom was responsible for ensuring that the floors of the subject premises were clear of debris or foreign substances for the time period beginning (1 )one year before the subject incident through the date of these interrogatories. For every document identified, attach a copy to your responses.

## INTERROGATORY NO. 27

Please set forth with specificity the factual and legal basis for each Request for Admission that you deny.

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

### REQUEST FOR PRODUCTION NO.1

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which contains, or may contain, material or information which is, or may be, relevant to any of the issues involved in this action.

### REQUEST FOR PRODUCTION NO. 2

Any and all photographs, videotapes, sketches, computer printouts, drawings, maps, sketches or other visually descriptive materials of the scene of the incident or any of the events alleged in Plaintiff's complaint.

### REQUEST FOR PRODUCTION NO. 3

Any surveillance photographs, movies or videotapes made of Plaintiff, whether said photographs, movies or videotapes were made the day of the incident that is the subject matter of this action or at any time subsequent to the incident.

### REQUEST FOR PRODUCTION NO. 4

Any and all documents that evidence, concern or refer to any written statements which were made **by** any party or witness or any other individual, whether a written or recorded statement or a memorandum or notation of an oral statement, and whether the original or a copy, and which is in the possession, custody or control of the defendant, its agents, employees, insurers or attorneys and including any written report prepared after the incident **by** management. This request is made pursuant to **O.C.G.A. §9-11-26(b)(3).**

### REQUEST FOR PRODUCTION NO. 5

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

### REQUEST FOR PRODUCTION NO. 6

Each and every document that evidences, concerns or relates to a policy, rule, regulation, directive, procedure, etc. which was applicable on the date of the occurrence at Defendant's store that is the subject of this action, regarding the inspection, examination, maintenance and cleaning of the floor of said store at any time, including, but not limited to, checking for spills or foreign debris on the floor.

### REQUEST FOR PRODUCTION NO. 7

If defendant contends that some other person or legal entity is, in whole or in part, liable to plaintiff or defendant in this matter, please provide plaintiff with full and complete copies of any and all documents that evidence, concern or relate to any document, including but not limited to letters, memoranda, written procedures and contracts, between defendants and such other person or legal entity purporting to make such other person or legal entity responsible for the hazardous condition that caused Plaintiff's fall at Defendant's store on the date of the occurrence that is the subject of this action..

### REQUEST FOR PRODUCTION NO. 8

Any and all documents that evidence, reference or relate to any and all incident reports, inspection reports, employee reports, employee statements, letters, memoranda, handwritten notes or any other document of any employee, agent or personnel of defendants referencing the slip and fall of Plaintiff at Defendant's store.

## REQUEST FOR PRODUCTION NO. 9

Any and all documents that evidence, reference or relate to any document prepared **by** any employees or agent of defendants whatsoever concerning slip and fall type incidents, accidents or injuries that have taken place at Defendant's store that is at issue in this lawsuit from one year prior to the date of Plaintiff's injury to the date of this Request.

## REQUEST FOR PRODUCTION NO. 10

Any and all documents that evidence, concern or relate to the names of employees or managers for Defendant's store at issue in this lawsuit for the three **(3)** months prior to Plaintiff's fall through **(3)** months after Plaintiffs fall, including, but not limited to, work schedules, **job** descriptions and payroll records.

## REQUEST FOR PRODUCTION NO. 11

Any and all documents that evidence, reference or relate to any maintenance, cleaning, repair or inspections of any portion of Defendant's store that is at issue, including floors, during the period beginning one **(1)** year prior to Plaintiff's fall through the date of this Request, including, but not limited to, sweep logs, log books, computer records, contracts, inspection sheets, inspection forms, or any other document whatsoever.

## REQUEST FOR PRODUCTION NO. 12

Any and all documents that evidence, relate to or concern employee or management conduct, rules, procedures, regulations or directives, including, but not limited to, employee manuals, employee handbooks, memoranda, bulletins and any other form of written or oral communication to employees and managers at Defendant's store that is at issue, that were in effect during the period beginning one **(1)** year prior to Plaintiffs fall through the date of this Request.

## REQUEST FOR PRODUCTION NO. 13

Any and all e-mails sent or received from Defendant's store that is at issue on and after the date of Plaintiff's fall and having anything whatsoever to do with the incident at issue, not including correspondence with legal counsel for Defendant.

## REQUEST FOR PRODUCTION NO. 14

Any and all documents used to answer or referenced by all Interrogatories served herewith.

## REQUEST FOR PRODUCTION NO. 15

Any materials you rely upon in the defense of this case.

## REQUEST FOR PRODUCTION NO. 16

Any materials you contend are relevant to either Plaintiff's Complaint or your Answer.

## REQUEST FOR PRODUCTION NO. 16

Any and all reports, whether written or otherwise recorded, made by any expert or experts whom the party expects to call as an expert at trial - **O.C.G.A. § 9-1 1-26(b)(4)(A)** - who has been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial this action. Note: These reports, notes and other materials are discoverable. See *Watson v. Elbert County Hospital,* **125** Ga.App. **112,** 114, **(197 1).**

## REQUEST FOR PRODUCTION NO. 17

Please produce any and all statement(s), memorandum(s), report(s), record(s), or data compilation(s) identified in your response to Interrogatory No. **8.**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1

Admit that you have been correctly named in the present cause of action insofar as the legal designation of names is concerned.

### REQUEST FOR ADMISSION NO. 2

Admit that you have been properly served as a party defendant.

### REQUEST FOR ADMISSION NO. 3

Admit that service of process is sufficient with regard to you in this case.

### REQUEST FOR ADMISSION NO. 4

Admit that the State Court of Clayton County has jurisdiction over the subject matter of this case.

### REQUEST FOR ADMISSION NO. 5

Admit that the State Court of Clayton County has personal jurisdiction over you as a party defendant in this case.

### REQUEST FOR ADMISSION NO. 6

Admit that venue is proper in the State Court of Clayton County.

### REQUEST FOR ADMISSION NO. 7

Admit that Plaintiff states a claim upon which relief can **be granted.**

### REQUEST FOR ADMISSION NO. 8

Admit that Plaintiff has not failed to join a party under **O.C.G.A.** section **9-1 1-19.**

### REQUEST FOR ADMISSION NO. 9

Admit that on or about February 5, 2019, you were the owner of the Family Dollar store located at 798 Morrow Road, Forest Park, Clayton County, Georgia 30297.

### REQUEST FOR ADMISSION NO. 10

Admit that on or about February 5, 2019, hair was present on the floor in an aisle of the Family Dollar store at issue in this litigation.

### REQUEST FOR ADMISSION NO. 11

Admit that the presence of the hair on the floor in an aisle of the Family Dollar store at issue in this litigation, on or about February 5, 2019, created an unreasonably dangerous condition.

### REQUEST FOR ADMISSION NO. 12

Admit that on or about February 5, 2019, Plaintiff slipped and fell **due to stepping in/on** the hair present on the floor in an aisle of the Family Dollar store at issue in this litigation.

### REQUEST FOR ADMISSION NO. 13

Admit that on or about February 5, 2019, you failed **to adequately warn** guests of the dangerous condition caused **by** the presence of the hair on the floor of an aisle of the Family Dollar store at issue in this litigation.

### REQUEST FOR ADMISSION NO. 14

Admit that Plaintiff's fall on or about February 5, 2019, at the Family Dollar store at issue in this litigation, was the proximate cause of her injuries.

### REQUEST FOR ADMISSION NO. 15

Admit that Plaintiff was exercising ordinary care for her own safety at the time of her slip and fall.

### REQUEST FOR ADMISSION NO. 16

Admit that you, or your employees, were aware, or should have been aware of the hair present on the floor in an aisle of the Family Dollar store at issue in this litigation.

### REQUEST FOR ADMISSION NO. 17

Admit that on or about February 5, 2019, prior to Plaintiff's slip and fall, the employees at the Family Dollar store in question failed to clean up the hair present on the floor in an aisle of the Family Dollar store that proximately caused the injuries to Plaintiff.

### REQUEST FOR ADMISSION NO. 18

Admit that you are in possession of video depicting Plaintiff's fall, on or about February 5, 2019, at the Family Dollar store in question.

### REQUEST FOR ADMISSION NO. 19

Ms. Adams' lawsuit is not barred by the Statute of Limitations.

### REQUEST FOR ADMISSION NO. 20

Before this collision, you caused an incident where someone fell on a foreign substance on the floor of the store.

### REQUEST FOR ADMISSION NO. 21

After this incident, you caused an incident where someone fell on a foreign substance on the floor of the store.

### REQUEST FOR ADMISSION NO. 22

You caused this incident.

### REQUEST FOR ADMISSION NO. 23

Ms. Adams did nothing to cause this incident.

### REQUEST FOR ADMISSION NO. 24

At this time of this incident, you knew it was not safe to leave foreign substances on the floor.

## REQUEST FOR ADMISSION NO. 25

At this time of this incident, you knew it was not safe to fail to keep and maintain your premises in a safe condition.

## REQUEST FOR ADMISSION NO. 26

You are solely responsible for causing this incident.

## REQUEST FOR ADMISSION NO. 27

Ms. Adams has not failed to join a party to this lawsuit.

## REQUEST FOR ADMISSION NO. 28

Ms. Adams was physically injured as a direct and proximate result of this collision.

## REQUEST FOR ADMISSION NO. 29

At the time of this incident, you failed to use ordinary diligence.

## REQUEST FOR ADMISSION NO. 30

Your actions, inactions, and/or conduct at the time of this incident were the direct and proximate cause of Ms. Adams' injuries and medical treatment as stated in the Complaint.

## REQUEST FOR ADMISSION NO. 31

There is no issue with service of the Summons and Complaint on you.

## REQUEST FOR ADMISSION NO. 32

This case is not being defended under a reservation of rights.

**[Signatures contained on following page]**

This 27th day of October, 2020.

LAW OFFICES OF EVAN R.
MERMELSTEIN, LLC

*s/ Evan R. Mermelstein*

**EVAN R. MERMELSTEIN**
Georgia Bar No. 502567
Attorney for Plaintiff

5665 Atlanta Highway, Suite 103-302
Alpharetta, Georgia  30004
(678) 697-9578
evan@mermelsteinlaw.com

JOEL M. BASKIN, P.C.

*s/ Joel M. Baskin*

**JOEL M. BASKIN** *(by Evan R. Mermelstein with express permission)*
Georgia Bar No. 041055
Attorney for Plaintiff

2791 Main Street
East Point, GA 30344
Email:  jbaskin@joelbaskin.com
Phone:  (404) 765-0031
Fax:  (404) 765-0519

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cheryl Dixon

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

JEANNETTE ADAMS,

    Plaintiff,

v.

FAMILY DOLLAR STORES OF
GEORGIA, INC.,

    Defendant.

Civil Action
File No.:    2020CV02308

---

### RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

COME NOW Family Dollar Stores of Georgia, LLC and certify that they have served

the following discovery on November 30, 2020:

1.    Defendant Family Dollar Stores of Georgia, Inc.'s First Request for Production of Documents to Plaintiff Jeannette Adams; and

2.    Defendant Family Dollar Stores of Georgia, Inc.'s First Interrogatories to Plaintiff Jeannette Adams.

by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of

same in the United States Mail, postage prepaid, as follows:

Evan R. Mermelstein, Esq.
Law Offices of Evan Mermelstein, LLC
5665 Atlanta Highway
Suite 103-302
Alpharetta, GA 30004
traci@mermelsteinlaw.com

Joel M. Baskin, Esq.
Joel M. Baskin, P.C.
2675 Paces Ferry Road, Suite 220
Atlanta, GA 30339
JBASKIN@JOELBASKIN.COM

This 30th day of November, 2020.

                                       _/s/Kyle H. Timmons_____
                                         Kyle H. Timmons
                                         GA State Bar No.  776206
                                         KTimmons@GM-LLP.com
                                         Goodman McGuffey LLP
                                         3340 Peachtree Road NE, Suite 2100
                                         Atlanta, GA 30326-1084
                                         (404) 264-1500 Phone
                                         (404) 264-1737 Fax

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEANNETTE ADAMS,

           Plaintiff,

    v.

FAMILY DOLLAR STORES OF
GEORGIA, INC.,

           Defendant.

CIVIL ACTION NO.

1:20-CV-05116-JPB

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Jeannette Adams's ("Plaintiff") Motion to
Remand.  [Doc. 8].  This Court finds as follows:

### BACKGROUND

Plaintiff alleges that on February 5, 2019, while shopping at one of Family
Dollar's ("Defendant") stores, she tripped and fell on a foreign object located in
the store's aisle.  [Doc. 1-1, p. 4].  As a result, she claims to have suffered personal
injuries requiring medical attention and "physical, mental, and emotional pain and
suffering" arising from her injuries."  Id. at 6.  On September 27, 2019, Plaintiff
sent Defendant a settlement demand letter for $50,000.  [Doc. 1-3].  At that time,

she had incurred $9,395.52 in medical expenses.[1]  Thereafter, Plaintiff's attorney informed Defendant that Plaintiff had undergone one knee surgery and had been recommended for a second surgery.  [Doc. 1-4].  Due to the approaching statute of limitations, Plaintiff withdrew her demand and ended settlement negotiations.  Id.

On October 27, 2020, Plaintiff initiated suit in the State Court of Clayton County, Georgia.  [Doc. 1-1].  She seeks to recover special damages to compensate for her medical expenses and lost wages and general damages for her past, present and future pain and suffering.  Id. at 6-7.  Additionally, she seeks to recover attorney's fees pursuant to O.C.G.A § 13-6-11 and punitive damages pursuant to O.C.G.A § 51-12-5.1(b).  Id.

On December 17, 2020, Defendant filed its Petition for Removal to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1367 and 1441 et seq.  [Doc. 1].  In response, Plaintiff timely filed her Motion to Remand, claiming that the amount in controversy had not been met.  [Doc. 8].

## DISCUSSION

Under 28 U.S.C. § 1441(a), any civil case filed in state court may be

---

[1] Plaintiff was initially treated for knee pain at Southern Regional Medical Center.  She then sought treatment at Whiplash Injury Center, where she complained of neck, back, knee, finger and hand pain. [Doc. 1-3].

removed to federal court by a defendant if the case could have originally been filed in federal court. When a case is removed, the party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence at the time the notice of removal is filed. <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 752 (11th Cir. 2010); <u>Leonard v. Enterprise Rent-A-Car</u>, 279 F.3d 967, 972 (11th Cir. 2002). When a removing defendant claims diversity jurisdiction under 28 U.S.C. § 1332, the defendant must show that there is: (1) complete diversity of citizenship; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

In carrying this burden, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." <u>Pretka</u>, 608 F.3d at 754. Rather, where a plaintiff has not pled a specific amount of damages, the removing defendant may satisfy its burden by showing that it is "facially apparent from the pleadings itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." <u>Farley v. Variety Wholesalers, Inc.</u>, No. 5:13-CV-52 (CAR), 2013 WL 1748608, at *1 (M.D. Ga. Apr. 23, 2013) (quoting <u>Roe v. Michelin N. Am., Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010)).

Eleventh Circuit precedent permits district courts to use their judicial experience and common sense when determining if the amount in controversy has been satisfied. Roe, 613 F.3d at 1062. They may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. However, a defendant may not rely exclusively on "conjecture, speculation, or star gazing" to establish the requisite amount in controversy. Pretka, 608 F.3d at 754. If the amount is not "readily deducible" from the record, the court lacks jurisdiction, and the case must be remanded. Id. Importantly, removal statutes are to be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

Here, neither party disputes the existence of complete diversity. Rather, they dispute whether the requisite amount in controversy has been satisfied. Defendant argues that Plaintiff's pre-suit demand for $50,000, when combined with her subsequently disclosed medical information, brings the amount above the jurisdictional minimum. Although not determinative in itself, a pre-suit settlement "counts for something." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). However, the amount of weight to be given to a demand letter depends on the circumstances. Jackson v. Select Portfolio Serv., 651 F. Supp. 2d 1279, 1281

(S.D. Ala. 2009).  Frequently, demand letters reflect puffing and posturing as opposed to an accurate assessment of damages.  Id.  In such a case, the demand is to be given little weight in measuring the preponderance of the evidence.  Id.

In support of its argument, Defendant cites Farley, 2013 WL 1748608, at *1 (finding a highly detailed and itemized settlement demand for $150,000 to be a true and accurate assessment of damages for purposes of calculating the amount in controversy).  In the present case, however, Plaintiff's pre-suit settlement demand provides no indication as to why $50,000 is an accurate assessment of her damages.  To the contrary, Plaintiff's letter only details the $9,395.52 in medical expenses she incurred prior to sending the demand.  Under these facts, the Court cannot characterize the settlement demand as an honest assessment of damages and therefore ascribes it little weight.  Furthermore, even if the letter was highly detailed and itemized, it only demands $50,000—an amount well below $75,000.

Defendant also argues that Plaintiff's requests for attorney's fees and punitive damages bring the amount in controversy within the jurisdictional minimum.  This Court finds Defendant's argument unpersuasive.  In order for the Court to consider attorney's fees in its calculation, the allegation of attorney's fees must be specific.  Sammons v. Starbucks Corp., No. 1:09-CV-0358-WSD, 2009 WL 10700534, at *1 (N.D. Ga. Mar. 27, 2009).  "Where the amount of attorney's

fees are left up to the discretion of a jury and where the defendant does not offer any evidence from which a specific amount of attorney's fees could be calculated, the court should not consider attorney's fees when calculating amount in controversy." Id.

In the present case, Plaintiff seeks attorney's fees pursuant to O.C.G.A. § 13-6-11, which allows a jury to award damages if it finds that a defendant "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Because Plaintiff has not alleged the specific amount of attorney's fees she seeks to recover, and because the determination of whether to award attorney's fees is left to the discretion of the jury, the Court declines to factor in the potential for any such award here.

Likewise, punitive damages cannot be reasonably factored into this Court's calculation. In her Complaint, Plaintiff seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1(b). Under this section, however, punitive damages are only awarded "in . . . tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, or that entire want of care which would raise the presumption of conscious indifference to consequences." In this case, Plaintiff alleges that Defendant's actions constitute negligence, but does not allege any behavior listed in section 51-

12-5.1(b). An award of punitive damages, therefore, does not seem applicable. See Lewis v. Suttles Truck Leasing, 869 F. Supp. 947, 949 (S.D. Ga. 1994) ("Negligence alone, even gross negligence, will not support an award of punitive damages.")

### CONCLUSION

Given the above—and the presumption in favor of remand where federal jurisdiction is not absolutely clear—this Court finds that Defendant has not met its burden to show that the amount in controversy exceeds $75,000, and as such, Plaintiff's Motion to Remand is GRANTED. The case is REMANDED to the State Court of Clayton County. The Clerk is DIRECTED to CLOSE this case.

**SO ORDERED** this 9th day of July, 2021.

_____
**J. P. BOULEE**
United States District Judge