UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEANNETTE ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:21-CV-03232-JPB |

**ORDER**

This matter is before the Court on Jeannette Adams's ("Plaintiff") Motion to Remand [Doc. 4]. This Court finds as follows:

**PROCEDURAL HISTORY**

Plaintiff filed this personal injury action against Family Dollar Stores of Georgia, Inc. ("Defendant") on October 27, 2020, in the State Court of Clayton County. [Doc. 1-1, p. 3]. Defendant has removed the action to this Court twice. Specifically, on December 17, 2020, Defendant filed its first Petition for Removal asserting that this Court had diversity jurisdiction. Petition for Removal at 1, Adams v. Family Dollar Stores, Inc., No. 1:20-cv-05116 (N.D. Ga. Dec. 17, 2020). Although Plaintiff did not plead a specific amount of damages in her Complaint, Defendant asserted that the amount in controversy exceeded the jurisdictional

minimum because Plaintiff incurred more than $9,000 in medical expenses, sought $50,000 in a pre-suit demand letter and was expected to undergo another knee procedure where she would incur additional medical expenses. Id.

Plaintiff filed her first Motion to Remand on December 23, 2020, alleging that Defendant failed to meet its burden of demonstrating that the amount in controversy requirement was satisfied. Motion to Remand at 1, Adams, No. 1:20-cv-05116 (N.D. Ga. Dec. 23, 2020). On May 24, 2021, while Plaintiff's first Motion to Remand was pending, Plaintiff disclosed to Defendant an additional $27,027 in medical expenses, bringing Plaintiff's total amount of medical expenses to $36,422.52. [Doc. 1, p. 4]. Significantly, even though this Court had not yet ruled on Plaintiff's Motion to Remand, neither party informed the Court of this newly obtained information. In fact, Plaintiff did not update her motion. Moreover, Defendant did not supplement its Petition for Removal or move to amend its response in opposition to the Motion to Remand. Ultimately, because the only evidence before the Court was the $9,395.52 in medical expenses—falling well short of the $75,000 minimum threshold—this Court determined that Defendant failed to meet its burden to show that the amount in controversy was satisfied and granted Plaintiff's Motion to Remand. [Doc. 4-1, p. 7]. The case was returned to the State Court of Clayton County on July 9, 2021.

Less than a month after the remand but more than two months after learning of the additional medical expenses, Defendant filed its second Petition for Removal.[1]  [Doc. 1].  Defendant contends that it is "factually apparent" that the amount in controversy is more than $75,000 because Plaintiff's medical expenses now total $36,422.52.  Id. at 4.  Given the updated medical expenses, Defendant argues that "when this Court factors in the additional damages [Plaintiff] is seeking, including future medical expenses, pain and suffering, lost wages, attorney's fees, and punitive damages, it is clear that the amount in controversy" is satisfied.  [Doc. 6, pp. 3-4].  Plaintiff filed her second Motion to Remand on August 16, 2021.  [Doc. 4].  The motion is ripe for review.

## ANALYSIS

Under 28 U.S.C. § 1441(a), any civil case filed in state court may be removed to federal court by a defendant if the case could have originally been filed in federal court.  When a case is removed, the party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence at the time the notice of removal is filed.  Pretka v. Kolter City Plaza II, Inc., 608

---

[1] This Court has concerns regarding the timeliness of Defendant's second Petition for Removal as it was filed more than thirty days after the additional medical costs were disclosed.  The Court would have preferred for the parties to have supplemented the record when the previous Motion to Remand was pending.  Notwithstanding, this Court will assume the second Petition for Removal was timely.

F.3d 744, 752 (11th Cir. 2010); Leonard v. Enter. Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). When a removing defendant claims diversity jurisdiction under 28 U.S.C. § 1332, the defendant must show that there is: (1) complete diversity of citizenship; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

In carrying this burden, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754. Rather, where a plaintiff has not pled a specific amount of damages, as is the case here, the removing defendant may satisfy its burden by showing that it is "facially apparent from the pleadings itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52 (CAR), 2013 WL 1748608, at *1 (M.D. Ga. Apr. 23, 2013) (quoting Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010)).

Eleventh Circuit precedent permits district courts to use their judicial experience and common sense when determining whether the amount in controversy has been satisfied. Roe, 613 F.3d at 1062. They may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. However, a defendant may not rely exclusively on "conjecture, speculation, or

star gazing" to establish the requisite amount in controversy. Pretka, 608 F.3d at 754. If the amount is not "readily deducible" from the record, the court lacks jurisdiction, and the case must be remanded. Id. Importantly, removal statutes are to be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

The only issue before the Court is whether the amount in controversy requirement is satisfied. As stated above, Defendant argues that Plaintiff's medical expenses in the amount of $36,422.52, when combined with the other damages Plaintiff is seeking, makes it facially apparent that the amount in controversy requirement is satisfied. Defendant, however, relies almost solely on the medical expenses incurred to satisfy its burden. Significantly, the medical expenses are still more than $38,500 less than the jurisdictional minimum. In this Court's view, Plaintiff has failed to show how the other damages Plaintiff is seeking (i.e., lost wages, pain and suffering, attorney's fees and punitive damages) will total more than $38,000, which is the amount necessary to reach the jurisdictional minimum of $75,000. Although Defendant argues that Plaintiff's continued pain and possible second knee procedure is enough to clear the hurdle of the jurisdictional minimum, the argument is mere conjecture and speculation. [Doc. 6, p. 10].

Defendant's arguments contain few specifics. In addition to the conclusory assertion that Plaintiff is "still in pain," there is no evidence regarding Plaintiff's lost wages. Nothing in the record indicates that Plaintiff was unable to work for any period of time or how much compensation she lost because of being unable to work. While this Court does not doubt Plaintiff's past medical expenses, Defendant has not shown by a preponderance of the evidence that the remainder of Plaintiff's alleged damages put the total amount in controversy above $75,000.

Given the above—and the presumption in favor of remand where federal jurisdiction is not absolutely clear—this Court finds that Defendant has not met its burden to show that the amount in controversy exceeds $75,000. Accordingly, remand is appropriate in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [Doc. 4] is **GRANTED**. **IT IS HEREBY ORDERED** that this matter is remanded to the State Court of Clayton County.

**SO ORDERED** this 27th day of October, 2021.

J. P. BOULEE
United States District Judge